UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD HISERT, Manager,<br>on behalf of H2H ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BLUE WATERS DREDGING LLC,<br>DAVID URBANI, HERBERT HASCHEN,<br>and DOROTHY B. WILLIAMS,<br><br>Defendants. | Civil Action No.<br>16-11960-FDS |

# MEMORANDUM AND ORDER ON
# MOTION FOR JUDGMENT OF DEFAULT AGAINST DOROTHY WILLIAMS

**SAYLOR, J.**

This action arises out of a contract dispute concerning a marine dredging project. In July 2015, the Army Corps of Engineers awarded H2H Associates, LLC a contract for a dredging project in Cohasset, Massachusetts. H2H subcontracted with Blue Waters Dredging LLC ("BWD") to perform work on that project. According to H2H, BWD fraudulently induced H2H to make payments to it by submitting false lien waivers and then abandoned the job.

H2H brought suit against BWD and its members, including Herbert Haschen and Dorothy Williams. A default was entered against defendant Dorothy Williams on July 31, 2019. The case against defendant Herbert Haschen went to trial, and on August 8, 2019, the jury found him liable for $148,626. H2H now seeks a default judgment against Williams pursuant to Fed. R. Civ. P. 55(b)(1). For the following reasons, the motion will be denied without prejudice.

I.   **Background**

   A.   **Factual Background**

The evidence and testimony presented at trial established the following facts.

   1.   **The Dredging Job**

On July 13, 2015, the Army Corps of Engineers awarded H2H a contract to dredge Cohasset Harbor in Massachusetts. On August 27, 2015, H2H subcontracted with BWD to provide all "labors, materials, equipment and services" necessary to dredge the harbor for a price of $1,194,611.

BWD was a limited liability company organized under Maryland law. During the relevant period, BWD had three members: Herbert Haschen and Dorothy Williams, who each owned a 40% share of the company, and David Urbani, who owned the remaining 20%.

In early October 2015, after the job was scheduled to be started, BWD had not yet obtained a necessary dredging booster pump. To begin the project, Haschen told H2H that BWD needed to lease a pump from another company in Long Island, but that BWD would need advance funding from H2H to be able to do so. In response, H2H transferred BWD $70,000.

From November 2015 through February 2016, BWD continued to insist that it needed funds to operate prior to the completion of significant work on the dredging job. H2H made numerous transfers to BWD over this time period, believing that it was doing so to help BWD cover expenses and continue to operate. In total, H2H transferred to BWD a total of $947,774.07. BWD did not complete the project, causing significant losses to H2H.

   2.   **The Lien Waivers**

On seven occasions during the course of the project, BWD completed and submitted "Partial Lien Waiver[s]" that certified that BWD had paid all subcontractors and vendors in

connection with the dredging job. H2H made payments to BWD in reliance on the submission of the lien waivers. Six of the seven partial lien waivers were signed by Williams; the other was signed by Haschen. The sum of the transfers made by H2H in response to the six lien waivers signed by Williams was $706,866.42. According to BWD, all were fraudulent, because vendors and subcontractors had not in fact been paid.

    B.    **Procedural Background**

On September 29, 2016, H2H filed this action. An amended complaint was filed on March 8, 2017. Although defendant Dorothy Williams filed a letter in response to the original complaint—which the court deemed to be an answer—she did not respond to the amended complaint. On July 31, 2019, the court entered a default against her.

A jury trial against defendant Haschen concluded on August 8, 2019, with a finding for H2H in the amount of $148,626.[1]

H2H has now moved for a default judgment against Williams in the amount of $706,866.42 pursuant to Fed. R. Civ. P. 55(b)(1).

**II.**    **Analysis**

The court may enter a default judgment in two different ways. If the amount of damages is a "sum certain," the judgment may be entered by the clerk. Fed. R. Civ. P. 55(b)(1). If not, the amount must be determined by the court, based on affidavits or other evidence. Fed. R. Civ. P. 55(b)(2).

H2H contends that Williams is liable for a "sum certain" of $706,866.42, which is the total amount of the lien waivers that she signed. Haschen opposes the motion on two grounds. First, he contends that the $706,866.42 in unliquidated damages is not a "sum certain" as a

---

[1] The claim against Urbani was dismissed on June 20, 2017.

matter of law. (Def. Opp. Def. Dam., 2-3). Second, he argues that damages against Williams cannot be greater than the damages found by jury against him, because "[p]laintiff's evidence and arguments in support of its damages claim against Williams are identical to the evidence and arguments . . . against defendant Haschen" and the court should not enter inconsistent judgments. (*Id.* at 3-4).

The second argument can be summarily dismissed. While it is true that the factual background behind the claim of H2H is generally the same for Williams as for Haschen, it is not true that the evidence and arguments against each are identical. The evidence presented at trial against Haschen established that he signed only one lien waiver, whereas Williams signed six. (Pl. Mot. Mot. Def. Judgment, Ex. A-F). There is no reason why the judgments against the two need to be precisely identical, or why the judgment against Williams must be limited by the judgment against Haschen.

The issue is therefore whether the amount claimed by plaintiff against Williams is a "sum certain" as a matter of law. "In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003). Outside of liquidated damages, a "sum certain" is most commonly found "in actions on money judgments and negotiable instruments," *Reynolds Securities, Inc. v. Underwriters Banks & Trust Co.*, 44 N.Y.2d 568, 572 (1978), or when damages otherwise lend themselves to highly certain calculations. *See AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 436-37 (1st Cir. 2015) (finding "sum certain" when damages claimed upon default were exact multiple plus interest of earlier judgment from another court).

H2H contends that the damages owed by Williams are a simple matter of adding up the

4

values listed in the partial lien waivers that she signed. That conclusion, however, is far from clear. First, Haschen signed a single lien waiver associated with an H2H transfer of $36,000, and yet was found at trial to be liable for $148,626. To be sure, the jury award is not binding in a subsequent proceeding for a default judgment if there are sufficient distinguishing factors. *See, e.g., Douglas v. Metro Rental Services, Inc.*, 827 F.2d 252, 255 (7th Cir. 1987). But that award certainly counsels against accepting the calculation method plaintiff proposes as a mechanical exercise. Furthermore, the amended complaint seeks a judgment against Williams in the amount of $5,096,998. (Amended Compl. ¶ 12). The inconsistency between that claim and the $706,866.42 alleged to be a "sum certain" begs, at a minimum, further review by the court. *Cf. KPS & Assoc., Inc.*, 318 F.3d at 20-21 (rejecting finding of sum certain in part because of "internally inconsistent" damage claims between complaint and supporting affidavit).[2] Finally, plaintiff's counsel, in his opening statement before the jury and through evidence introduced at the trial, argued that "H2H had to hire another contractor to finish about 40 percent of the work that wasn't done, and that cost him about a million dollars." (Transcript of Record at 7-8). That raises a variety of questions as to the amount of the damages arising out of the submission of fraudulent lien waivers; at a minimum, that calculation is not a mere mechanical exercise.

In short, it is clear that the damages calculation against Williams is not a "sum certain" within the meaning of Rule 55(b)(1). Plaintiff will have to establish, by affidavit or otherwise, the amount of its damages pursuant to Rule 55(b)(2) before a default judgment may enter.

## III. Conclusion

For the foregoing reasons, the motion of plaintiff H2H Associates, LLC for a judgment

---

[2] The party that has defaulted is deemed to have admitted all of the allegations in the complaint. *See Pizzo v. Gambee*, 810 F. Supp. 2d 345, 347 (D. Mass. 2011) (citing *Multi Tech, Inc. v. Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. 333, 334-35, 518 (1988)).

by default pursuant to Fed. R. Civ. P. 55(b)(1) is DENIED without prejudice.  Plaintiff shall file any renewed motion for a default judgment under Fed. R. Civ. P. 55(b)(2) within 21 days of this memorandum and order (that is, by October 4, 2019).

**So Ordered.**

Dated:  September 13, 2019

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge