**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **RICHARD HISERT, Manager,** ) | |
| **on behalf of H2H ASSOCIATES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **16-11960-FDS** |
| ) | |
| **BLUE WATERS DREDGING, LLC,** ) | |
| **DAVID URBANI, HERBERT HASCHEN,** ) | |
| **and DOROTHY B. WILLIAMS,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER ON**
**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

**SAYLOR, C.J.**

This action arises out of a contract dispute concerning a marine dredging project.  In July

2015, the Army Corps of Engineers awarded H2H Associates, LLC a contract for a dredging

project in Cohasset, Massachusetts.  H2H subcontracted with Blue Waters Dredging, LLC

("BWD") to perform work on that project.  According to H2H, BWD fraudulently induced H2H

to make payments to it by submitting false lien waivers and then abandoned the job.

H2H brought suit against BWD and its members, including Herbert Haschen and

Dorothy Williams.  A default was entered against Williams on July 31, 2019.  The case against

Haschen went to trial.  On August 8, 2019, the jury found him liable for $148,626.

Following post-trial motions, on February 18, 2020, the Court entered judgment against

Haschen "in the amount of $148,626.00 plus applicable costs and attorneys' fees" and against

Williams "in the amount of $342,309.38, plus applicable costs and attorneys' fees."  The

following week, two of plaintiff's attorneys, James Grosso and David Brickman, filed affidavits

attesting to the attorneys' fees and costs associated with the case.  Plaintiff did not move for

attorneys' fees at that time.  On March 13, 2020, Haschen filed a timely notice of appeal.  Eight

months later, on November 17, 2020, the First Circuit affirmed the judgment in favor of

plaintiff.[1]

On February 12, 2021, nearly one year after judgment was entered against Haschen and

Williams, plaintiff moved for attorneys' fees and costs.  Haschen opposes the motion.[2]

Fed. R. Civ. P. 54 provides that "[a] claim for attorney's fees and related nontaxable

expenses must be made by motion unless the substantive law requires those fees to be proved at

trial as an element of damages."  Fed. R. Civ. P. 54(d)(2)(A).  That motion must be filed "no

later than 14 days after the entry of judgment[.]"  Fed. R. Civ. P. 54(d)(2)(B)(i).  The Court

entered judgment against Haschen and Williams on February 18, 2020.  As a result, the deadline

for filing the motion for attorneys' fees and related expenses was March 3, 2020.  Plaintiff's

motion is therefore approximately eleven months late.  Indeed, plaintiff concedes that it is

untimely.

If a party fails to act within a specified time and then moves for an extension, the court

may extend that time "for good cause . . . if the party failed to act because of excusable neglect."

Fed. R. Civ. P. 6(b)(1).  The Supreme Court has identified four factors to consider when

---

[1] On April 7, 2020, plaintiff filed an untimely notice of cross-appeal.  The First Circuit ordered plaintiff to show cause why his cross-appeal should not be dismissed.  In response, plaintiff conceded that his appeal was untimely but contended that Fed. R. App. P. 4(a)(5) allows for an extension of time to file if the party shows excusable neglect or good cause.  He contended that the COVID-19 pandemic "present[ed] unique and extraordinary circumstances" that justified his untimely filing.  On February 22, 2021, the First Circuit dismissed his cross-appeal because he "did not seek an extension [of time to file] in the district court" and "has not shown any specific impediment to timely filing that would warrant equitable relief."

[2] When the time has expired to complete an act, Rule 6 requires that a party move for an extension before the court extends that time.  *See* Fed. R. Civ. P. 6(b)(1)(B).  Plaintiff has moved for attorneys' fees and costs, not an extension of time.  In any event, the Court will construe his motion as one for an extension of time.

determining whether a party failed to act because of excusable neglect:  (1) danger of prejudice

to the opposing party; (2) length of delay and its potential impact on judicial proceedings; (3)

reason for the delay, including whether it was within the reasonable control of the moving party;

and (4) whether the moving party acted in good faith.  *See Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The First Circuit, however, has made clear that those factors are not weighted equally.

*See Tubens v. Doe*, 976 F.3d 101, 106 (1st Cir. 2020).  The inquiry focuses primarily on the

reason for the delay:

> [T]he excuse given for the late filing must have the greatest import.  While
> prejudice, length of delay, and good faith might have more relevance in a closer
> case, the reason-for-delay factor will always be critical to the inquiry.  At the end
> of the day, the focus must be upon the nature of the neglect.

*Hospital del Maestro v. National Labor Relations Bd.*, 263 F.3d 173, 175 (1st Cir. 2001) (per

curiam) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000))

(internal alterations omitted); *see also Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005)

("[A]mong the factors enumerated in *Pioneer*, by far the most critical is the asserted reason for

the mistake.").

Plaintiff contends that granting the motion for attorneys' fees and costs would not

prejudice defendants.  He reasons that they were on notice that he had been awarded attorneys'

fees in light of the judgments entered against them and that only the amounts remained in

question.  But "[e]ven where there is no prejudice, impact on judicial proceedings, or trace of

bad faith, the favorable juxtaposition of these factors does not excuse the delay where the

proffered reason is insufficient." *Tubens*, 976 F.3d at 106 (quoting *In re Sheedy*, 875 F.3d 740,

744 (1st Cir. 2017)) (internal quotation marks and alterations omitted).  Here, the proffered

reason is not merely insufficient; it is non-existent.  Plaintiff has not identified any reason for the

delay.[3]

Plaintiff further contends that filing affidavits itemizing the fees and costs, which plaintiff did within one week of the judgments, "is the procedure when attorney's fees have been awarded but the opposing side has not had an opportunity to challenge the amount." (Pl. Mot. at 2). He cites no support for that contention, which contradicts the plain language of Rule 54. *See* Fed. R. Civ. P 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses *must be made by motion* unless the substantive law requires those fees to be proved at trial as an element of damages." (emphasis added)). Counsel's failure to follow that rule does not support finding excusable neglect. *See Dimmitt*, 407 F.3d at 24 ("[A]s we have repeatedly held, even under the flexible standard prescribed by *Pioneer,* counsels' inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute excusable neglect." (internal quotation marks omitted) (citing *Pioneer*, 507 U.S. at 392; *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir. 2003); *Graphic Comm'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6-7 (1st Cir. 2001); *Hospital del Maestro*, 263 F.3d at 175)).

Accordingly, because plaintiff has offered no reason for his failure to file a timely motion, plaintiff's motion for attorney's fees is DENIED.


**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  March 29, 2021                                    Chief Judge, United States District Court

---

[3] Defendant contends that he would suffer prejudice, that the length of the delay is significant, and that plaintiff has not acted in good faith. Because plaintiff offers no reason at all for the delay, the Court need not consider the merits of these arguments.